IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER KENT WILLIAMS,** | : | CIVIL ACTION NO. 3:23-CV-786 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **WARDEN BARRAZA,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Roger Kent Williams, an inmate in Allenwood Federal Correctional Institution ("FCI-Allenwood") argues that the United States Bureau of Prisons ("BOP") has improperly denied him credit towards his sentence for a period of approximately five years when he was in Pennsylvania state custody. The petition will be denied.

### I.   Factual Background & Procedural History

Williams's criminal history in the last twelve years is somewhat convoluted, but the parties do not dispute the relevant facts. On January 28, 2013, while Williams was on Pennsylvania state parole for a 1996 conviction for robbery, theft, and simple assault, he was arrested in Wake County, North Carolina. (Doc. 8-1 at 1-2). North Carolina officials, upon learning that he was on parole in Pennsylvania, returned him to Pennsylvania custody on January 29, 2013. (Id. at 2). On January 31, 2013, North Carolina officials charged Williams with conspiracy and robbery. (Id.) On March 4, 2013, Pennsylvania officials charged him with conspiracy and robbery. (Id.) On May 1, 2013, North Carolina officials dismissed both cases against

him in lieu of federal prosecution. (Id.) At that time, North Carolina officials turned him over to the custody of the United States Marshals to face the criminal charges for which he is currently incarcerated. (Id.)

Williams was indicted in the United States District Court for the Middle District of Pennsylvania on June 13, 2013. (Id.) On November 27, 2013, Williams's Pennsylvania state parole was revoked. (Id.) Williams's charges in Pennsylvania for conspiracy and robbery were dismissed in lieu of federal prosecution on December 13, 2013, but his parole revocation proceedings remained pending. (Id.)

On June 3, 2014, Williams was sentenced in this district to a 246-month term of imprisonment for two counts of interference with commerce by threats and violence and one count of using and carrying a firearm during a crime of violence. (Id.) He was committed to FCI-Allenwood on July 11, 2014. (Id.) On August 27, 2014, BOP staff learned that Williams was supposed to be in the primary jurisdiction of the Commonwealth of Pennsylvania pursuant to his parole revocation proceedings. (Id.) On September 10, 2014, the BOP returned him to Pennsylvania custody and lodged his federal sentence as a detainer. (Id.) Williams remained in Pennsylvania custody until November 6, 2019, when he was returned to federal custody. (Id. at 3).

The BOP performed a sentence computation upon Williams's return to federal custody. (Id.) Williams was given time credit for January 28, 2013, the date he was arrested by North Carolina officials, and presentence credit for the period from May 3, 2013, through June 2, 2014. (Id.) BOP officials calculated his release date as March 24, 2036, via good conduct time. (Id.) Williams requested that the state prison in which he had previously been incarcerated be retroactively

2

designated as the place of his federal confinement and that he therefore be given credit towards his federal sentence for his time in state custody. (See id. at 53).

As part of its review of Williams's request, the BOP sent a letter to the judge who presided over his criminal trial in this district, United States District Judge Matthew W. Brann, inquiring whether the court intended for his sentence to run concurrently or consecutively to the Pennsylvania sentence. (Id. at 3, 48-49). Judge Brann responded that his intention was for the sentence to run consecutively. (Id. at 3, 51). Based on this letter, the nature of Williams's offense, and his criminal history and history of disciplinary infractions in prison, the BOP declined to retroactively designate the Pennsylvania prison as a place of federal confinement and accordingly denied Williams's request for credit for the period in which he was in Pennsylvania custody. (Id. at 3, 53).

Williams filed this case on May 12, 2023, seeking credit towards his federal sentence for the approximately five-year period when he was in Pennsylvania custody serving his Pennsylvania parole revocation sentence. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on July 5, 2023, arguing that it should be dismissed for failure to exhaust administrative remedies and that it fails on its merits. (Doc. 8). Williams filed a reply brief on July 25, 2023, making the case ripe for review. (Doc. 9). The case was then reassigned to the undersigned on January 21, 2025.

**II.   Discussion**

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest

3

the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (nonprecedential) (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)). When a defendant is temporarily transferred from one sovereign to another under a writ of habeas corpus ad prosequendum, the defendant "remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *supserseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000). The defendant "remains in service of the first sentence imposed during the time period, and the writ merely 'loans' the prisoner to federal authorities." Id. at 275.

Williams argues that he should be given credit for the period in which he was incarcerated in a Pennsylvania prison because he remained in the primary custody of the BOP throughout that time. (Docs. 1, 9). Williams, however, does not have standing to raise this argument. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1920); Bowman, 672 F.2d at 1153-54; United States *ex rel.*, Brewer v. Maroney, 315 F.2d 687, 688 (3d Cir. 1963). "The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." Bowman, 672 F.3d at 1154 (quoting Derengowski v. U.S. Marshal, Minneapolis Office, Minn. Division, 377 F.2d 223, 224 (8th Cir. 1967)). Thus, even if it is true—as Williams argues—that the federal government maintained exclusive jurisdiction throughout the period when he was transferred to a

Pennsylvania prison, he does not have standing to advance this argument. See Ponzi, 258 U.S. at 260 (stating that criminal defendant "may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it").

The sole basis on which Williams has standing to seek credit for the time he spent in a Pennsylvania prison is the argument that the BOP should have retroactively designated the Pennsylvania prison as the place he would serve his federal sentence. The BOP has the authority to retroactively designate a state prison as a place of federal confinement *nunc pro tunc*. See 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

The BOP has "broad discretion" to determine whether to designate a state prison as a place of federal confinement. Ramos-Rodriguez v. Warden, FCI Fort Dix, 446 F. App'x 417, 419 (3d Cir. 2011) (nonprecedential) (citing Barden, 921 F.2d at 483. In doing so, the BOP should consider the five factors set out in 18 U.S.C. § 3621(b), namely:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence—
>   **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); Barden, 921 F.2d at 482. Judicial review of the BOP's decision not to grant *nunc pro tunc* designations is limited to determining whether it has abused its discretion. Id. at 478.

Here, the BOP specifically considered Williams's request for a *nunc pro tunc* designation under the factors required by Section 3621(b) and Barden and denied the request based on Judge Brann's statement that he intended the federal sentence to be served consecutively to the state sentence, the nature of Williams's offense, and his criminal history and history of disciplinary infractions while incarcerated. (See Doc. 8-1 at 53). This decision is squarely in line with the analysis the BOP must perform and is not an abuse of discretion. Williams's habeas petition will therefore be denied and respondent's alternative argument that Williams failed to exhaust administrative remedies will not be addressed.

### III.  Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 24, 2025